ROBINSON *v.* ANDERSON, et al.

No. 40171          May 14, 1956          87 So. 2d 255

*J. E. Skinner, L. F. Easterling,* Jackson, for appellant.

148

*Joe G. Moss,* Raymond, for appellees.

HALL, J.

On October 3, 1938, Martha Anderson was the owner of the land situated in the Second Judicial District of Hinds County, Mississippi, described as E½ of NW¼ less 7 acres in the SW corner, and also 7 acres on the east side of the NW¼ of the NW¼ of Section 28, Township 6 N, Range 2 W. On that date Martha and her husband Ruben Anderson signed a conveyance to the appellant of an undivided one-half mineral interest in and to all of the oil, gas and other minerals of every kind and character in, on or under said land, said conveyance being on the form commonly known as R-101. Martha and her husband at that time were residing on said land and it was their homestead. They did not appear before any notary public or other officer authorized to take acknowledgments but the instrument was witnessed by Thos. Harvey Robinson. Later Martha and Ruben died intestate leaving eleven heirs, who are the appellees herein. Thos. Harvey Robinson also died without ever having executed proof of the acknowledgment as a subscribing witness to said instrument. It is not

disputed in this record that Martha and Ruben signed and delivered the instrument for a valuable consideration. Later the instrument was filed for record and was recorded without any proof of acknowledgment thereon. In its then condition this instrument was of course not entitled to be recorded. Later however Mrs. Osie G. Robinson on October 14, 1954, appeared before a notary public and made affidavit that Martha and Ruben Anderson, the grantors, were then both dead; that Thos. Harvey Robinson, the subscribing witness to said instrument was also dead; that the affiant is the widow of the said Thos. Harvey Robinson and is thoroughly familiar with his signature and handwriting and that the signature of the said Thos. Harvey Robinson, affixed as a subscribing witness to said instrument, is the true and genuine signature of the said Thos. Harvey Robinson and in the handwriting of the said Thos. Harvey Robinson. The instrument was again recorded on October 22, 1954, and the appellant brought this suit against the heirs of Martha and Ruben Anderson to establish his title to the one-half mineral interest therein mentioned. In the meantime four of the heirs had executed an oil, gas and mineral lease on said property to H. J. Headrick, and the appellant admits that his interest is subject to the lease covering 4/11ths of his one-half interest.

The chancellor held that the mineral conveyance was not valid and binding because Martha and Ruben did not actually appear before an officer authorized to take acknowledgments. His decision is based on Section 332, Code of 1942, which provides in part: "A conveyance, mortgage, deed of trust, or other encumbrance of the homestead where it is the property of the wife shall not be valid or binding unless signed and acknowledged by the owner and the husband if he be living with his wife, * * *." The chancellor's decision was based upon the insufficiency of the acknowledgment as narrowed down to the foregoing quotation from Section 332.

Section 861, Code of 1942, provides as follows: "If the grantor and witness or witnesses of any instrument of writing be dead or absent, so that the personal attendance of neither can be had, it may be established by the oath of any person who, on examination before an officer competent to take acknowledgments, can prove the handwriting of the deceased or absent witness or witnesses; or when such proof cannot be had, then the handwriting of the grantor may be proved, and the officer before whom such proof is made shall certify accordingly, and such certificate shall be deemed equivalent to an acknowledgment by the grantor or proof by a subscribing witness, and entitle the instrument to be recorded." The affidavit of Mrs. Osie G. Robinson is a literal compliance with the requirements of Section 861 and it will be noted that the concluding portion of Section 861 provides that "such certificate shall be deemed equivalent to an acknowledgment by the grantor or proof by a subscribing witness, and entitle the instrument to be recorded." We think that Sections 332 and 861 are in pari materia and that both must be considered together. When this is done, the proof of acknowledgment on the instrument in question is clearly authorized by Section 861 and is the equivalent of a personal appearance by Martha and Ruben Anderson before a notary public, and the chancellor was in error in holding to the contrary.

The decree of the lower court will therefore be reversed and a judgment will be here entered upholding the validity of said mineral deed as conveying an undivided one-half mineral interest to the appellant, subject to the said lease which covered 4/11ths of said one-half interest.

Reversed and judgment here.

*McGehee, C.J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.